IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE HEINEN | * |
| | * |
| VERSUS | * CIVIL ACTION NO.: |
| | * |
| IMPERIAL FIRE AND CASUALTY | * |
| INSURANCE COMPANY | * |

**COMPLAINT FOR HURRICANE DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes complainant, Shane Heinen (hereinafter "Complainant"), and files his Complaint for Damages against defendant, Imperial Fire and Casualty Insurance Company (hereinafter "Liberty"), respectfully averring as follows:

**I. PARTIES**

**1.**

Made Plaintiff herein is **SHANE HEINEN**, a trust organized under the laws of Louisiana.

**2.**

Made Defendant herein is **IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY**, an insurer domiciled in the State of Massachusetts who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

1

## II. JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainant and Imperial is located in this District.

## III. RELEVANT FACTS

**5.**

At all times relevant hereto, Complainant owned the property located at 718 Rosalie Street, Lake Charles, Louisiana 70601 (the "Property").

**6.**

At all times relevant hereto, Imperial provided a policy of insurance, number Imperial Fire & Casualty Insurance Company 2004860000 (the "Policy"), to Complainant which covered the Property against perils including hurricanes and provided the following coverages: $225,061 for Dwelling; $22,507 for Other Structures; $112,531 for Personal Property; and with a ten percent limit for Fair Rental Value, *inter alia*.

**7.**

On or around August 27, 2020, Hurricane Laura caused significant damages to Complainant's Property.

**8.**

Complainant promptly reported the loss to Imperial, who assigned it claim number 200347825 (the "Laura Claim").

**9.**

Prior to Hurricane Laura, Complainant used the Property as a rental property and derived a rental income therefrom. Further, Complainant had lessees with options to purchase.

**10.**

Hurricane Laura rendered the Property unrentable and Complainant has not received any rental income from the Property since Hurricane Laura. Further, Complainant has been unable to sell the property as a direct result of the damage.

**11.**

On or about September 11, 2020, adjuster Derek King (the "Inspector") inspected the Property on behalf of Imperial and documented only $19,235.14 and $5,975.61 for substantial damages to the dwelling and other structures, respectively, but after application of depreciation and the Policy's $4,501 deductible, Complainant recovered $18,352.65 for his substantial and covered loss.

**12.**

The Inspector's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**13.**

Complainant was unable to make meaningful repairs to the Property without receiving adequate insurance proceeds from Imperial. This has continued to cause rental income loss and the inability to sell the property.

**14.**

As a result of Imperial's failure to timely and adequately compensate Complainant for his covered losses, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

**15.**

On or about October 1, 2020, Mario Barrilleaux of Complete Adjusting Services, LLC ("CAS") inspected the Property on behalf of Complainant and created an estimate of damages documenting $124,761.52 in damages to the dwelling and $10,362.04 in damages to the other structures of the home. Those damages along with other available coverage and supplements totaled $149,949.80.

**16.**

Imperial has yet to tender adequate insurance proceeds as of the date of this Complaint.

**17.**

As a result of Imperial's failure to timely and adequately compensate Complainant for his substantial losses, the Property remains in a state of disrepair.

**18.**

Upon information and belief, Imperial's failure to timely and adequately compensate Complainant for his loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**19.**

Upon information and belief, Imperial purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

**20.**

Upon information and belief, Imperial conducted the investigation and claims handling for Complainant's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**21.**

Upon information and belief, Imperial manipulated its pricing software to artificially suppress the cost of repairs below market value.

**22.**

Upon information and belief, Imperial purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

**23.**

Complainant has incurred or will incur additional expenses in restoring the Property as a result of Imperial's failure to timely compensate him for his substantial and covered losses.

**24.**

Complainant has incurred or will incur lost rental income expenses as a result of the damages caused to his Property by Hurricane Laura, including that lost rental income that will be incurred during the repair of the Property.

## III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

**25.**

Complainant realleges and re-avers the allegations contained in paragraphs 1-24, above, as if restated herein.

**26.**

An insurance contract, the Policy, exists between Complainant and Imperial.

**27.**

The Policy provides coverages for perils including hurricanes.

**28.**

Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, Imperial failed to timely tender adequate insurance proceeds as required by the Policy.

**29.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Imperial's own inspections of the Property and those proofs of loss submitted by Complainant, Imperial breached the Policy.

**30.**

By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Imperial breached the Policy.

**31.**

By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, Imperial breached the Policy.

**32.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, Imperial breached the Policy.

**33.**

By failing to include adequate overhead and profit in its estimates of damages, Imperial breached the Policy.

**34.**

Complainant has suffered and continue to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**35.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-34, above, as if restated herein.

**36.**

The actions and/or inactions of Imperial in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without

probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Imperial liable for statutory bad faith penalties.

**37.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**38.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**39.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**40.**

Imperial is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with the Laura Claim despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainant.

**41.**

Imperial's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**42.**

Imperial's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**43.**

Imperial's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**44.**

Imperial's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**45.**

Imperial's handling of Complainant's Laura Claim was in bad faith.

**IV.  DAMAGES**

**46.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-45, above, as if restated herein.

**47.**

As a result of Imperial's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Lost rentals;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**49.**

Complainant requests a trial by jury.

**50.**

**WHEREFORE,** Complainant, Shane Heinen, prays that, Defendant, Imperial Fire and Casualty Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Shane Heinen, and against Defendant, Imperial Fire and Casualty Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____

                                                        Galen M. Hair, La. Bar. No. 32865
                                                       Trent J. Moss, La. Bar No. 37406
                                                       **HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
                                                       **d/b/a INSURANCE CLAIM HQ**
                                                       **d/b/a INSURANCE CLAIM LAWYERS, INC.**
                                                       3540 S I-10 Serv. Rd. W
                                                       Suite 300
                                                       Metairie, Louisiana 70001
                                                       Telephone: 504.684.5200
                                                       Facsimile: 504.613.6351

**PLEASE SERVE:**

**Imperial Fire and Casualty Insurance Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.